John T. SAYLOCK, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 90–1281.

United States Court of Veterans Appeals.

Sept. 30, 1992.

John T. Saylock, pro se.

James A. Endicott, Jr., Gen. Counsel,
Barry M. Tapp, Asst. Gen. Counsel, An-
drew J. Mullen, Deputy Asst. Gen. Counsel,
and Adam K. Llewellyn, Washington, D.C.,
were on the pleadings for appellee.

Before NEBEKER, Chief Judge, and
MANKIN and IVERS, Associate Judges.

NEBEKER, Chief Judge:

This case presents for review a July 11,
1990, Board of Veterans' Appeals (BVA or
Board) decision which denied appellant's
claim for entitlement to service connection
for flat feet.   Upon consideration of the
pleadings and the record on appeal, the
Court concludes (1) that appellant failed to
submit new and material evidence suffi-
cient to reopen his claim;  and (2) that prin-
ciples of administrative regularity dictate a
presumption that appellant received notice
of the September 1949 rating action.   We
affirm.

Appellant's claim for service connection
for his flat feet was originally denied by
rating action dated September 29, 1949.
That decision reflected consideration of ap-
pellant's service medical records, including
his induction and separation examinations,
and concluded that appellant's flat feet ex-
isted prior to induction and were not aggra-
vated by service.   R. at 29.   *See* 38 U.S.C.
§ 1153 (formerly § 353).   Appellant did not
appeal to the Board.

In 1985, appellant, by his own words,
sought to "reopen" his claim for service
connection for his flat feet, alleging that
his condition was aggravated by service.
R. at 45.   The Regional Office (RO) denied
service connection.   R. at 49.   He sought to
reopen his claim again in 1987, this time
submitting evidence that he currently suf-

fers from the condition, and alleging that he never received notice that his claim was denied in 1949. The RO again denied entitlement to service connection, finding that appellant had not submitted new and material evidence to reopen his claim. The BVA subsequently denied his claim and, in addressing his contention that the 1949 decision was sent to the wrong address, found that the address used to provide notice to the veteran of the 1949 rating action was the latest address then of record in any Veterans' Administration (now Department of Veterans Affairs) file. Appellant appealed to this Court.

We note initially that appellant has not submitted new and material evidence to reopen his claim. Material evidence is "relevant and probative of the issue at hand," and new evidence is that which is not "merely cumulative of evidence on the record." *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). Here, evidence submitted by appellant to reopen his claim was primarily cumulative of evidence previously submitted, and, where not cumulative, addressed his present condition and not whether his condition was incurred in or aggravated by service.

As to his contention that he never received notice of the 1949 rating action, principles of administrative regularity dictate a presumption that government officials "have properly discharged their official duties." *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14–15, 47 S.Ct. 1, 6, 71 L.Ed. 131 (1926). We must presume, then, that the Secretary of Veterans Affairs and the RO properly discharged their duties by mailing a copy of the RO decision to the latest address then of record. *See Bosmay v. Derwinski*, 2 Vet.App. 306, 309 (1992). Furthermore, the fact that in 1989 he described his action as an attempt to "reopen" his claim carries an implication that he had actual notice of the previous denial.

Accordingly, the Board's decision is AFFIRMED.