**Baselio P. PIANO, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 92–504.**

United States Court of Veterans Appeals.

April 21, 1993.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Associate Judges.

### ORDER

PER CURIAM.

On April 15, 1992, appellant filed a Notice of Appeal (NOA) with this Court with regard to a Board of Veterans' Appeals (BVA or Board) decision dated September 16, 1991. Given the requirement of 38 U.S.C.A. § 7266(a) (West 1991) that an NOA be filed within 120 days after the mailing of the BVA decision, the Court, cn June 12, 1992, ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. On July 21, 1992, appellant responded to the Court's June 12, 1992, order by submitting a copy of a transmittal letter, dated January 23, 1992, which is addressed to appellant from the Department of Veterans Affairs Regional Office (RO) in Manila, Philippines, and which states, "Enclosed is a copy of the [BVA] decision dated September 16, 1991[,] which is self-explanatory."

On August 5, 1992, the Court ordered the Secretary of Veterans Affairs (Secretary) to provide any evidence that the Board mailed the September 16, 1991, decision earlier than January 23, 1992. On September 25, 1992, the Secretary responded to the Court's order by submitting a certified statement from Counsel to the Chairman of the BVA that

> [u]nder the administrative procedures in effect at [the] time [the September 16, 1991, decision was rendered], the decision was mailed to the claimant ... at [his] last known [address] no later than the next business day following the date appearing on the title page of the decision. Appellant's address, as shown by the Board's computer files, is Dibulan [sic] Jones, 2313 Isabela, PI.

*See* Certification of [BVA] Docket Information, Attachment to Secretary's Response to Court's August 5, 1992, order.

Thus, to support the position that the BVA decision was timely mailed, the Secretary relied on the "presumption of regularity." "The presumption of regularity supports the official acts of public officers and, in the absence of *clear evidence to the contrary,* courts presume that they have properly discharged their official duties." *Ashley v. Derwinski,* 2 Vet.App. 62, 64 (1992) (quoting *United States v. Chemical Foundation, Inc.,* 272 U.S. 1, 14–15, 47 S.Ct. 1, 6, 71 L.Ed. 131 (1926) (emphasis added)). With regard to the clear evidence needed to rebut the presumption, this Court has stated that "where an appellant submits clear evidence to the effect that the BVA's 'regular' mailing practices are not regular or that they were not followed, the Secretary is no longer entitled to the benefit of the presumption and the burden shifts to the Secretary to establish that the BVA decision was mailed to the veteran ... as required by 38 U.S.C.[A.] § 7104(e) [(West 1991)]." *Ashley v. Derwinski,* 2 Vet.App. 307, 309 (1992). Section 7104(e) states,

> After reaching a decision in a case, the Board shall promptly mail a copy of its written decision to the claimant and the claimant's authorized representative (if any) at the last known address of the claimant and at the last known address of such representative (if any).

Upon review of the file in this case, the Court observes that on May 28, 1992, the Court had received a letter from appellant to which was attached a copy of a previous BVA decision, dated January 10, 1991, and a transmittal letter from the BVA, also dated January 10, 1991. Upon examination of this BVA transmittal letter and the January 23, 1992, transmittal letter from the Manila RO, the Court noted that, although the RO used appellant's correct address, i.e., *3*313 Isabela, Philippines, the address on the BVA transmittal letter was incorrect, i.e., *2*313 Isabela, Philippines. More-

over, the incorrect address on the BVA transmittal letter was the same address which Counsel to the Chairman of the BVA stated in the Certification of [BVA] Docket Information was the address "shown by the Board's computer files."

The issues thus presented are whether evidence that the BVA used an incorrect address in mailing the BVA decision to the veteran constituted the "clear evidence" needed to rebut the presumption of regularity and, if so, whether the Secretary, in resorting to the presumption of regularity, met his burden to establish that the BVA decision was mailed to the veteran in accordance with the requirements of 38 U.S.C.A. § 7104(e). Therefore, on October 16, 1992, the Court ordered this case submitted to a panel to decide these jurisdictional issues only.

The Court holds that the evidence showing that the BVA had an incorrect address for appellant recorded on its computer files and that the Board used an incorrect address in a prior mailing to appellant does constitute the clear evidence needed to rebut the presumption of regularity in as much as it shows that the mailing in this case appeared to be "irregular." *Ashley*, 2 Vet.App. at 309 ("The presumption [of official regularity may also] operate[ ] in reverse. If [mailing] appears irregular, it is irregular, and the burden shifts to the proponent to show the contrary.") (quoting *United States v. Roses, Inc.*, 706 F.2d 1563, 1567 (Fed.Cir.1983)). Moreover, the Court holds that the Secretary, by merely resorting to the presumption again, did not meet his burden "to show the contrary." *Id.*

Because the Secretary failed to show that the BVA decision in this case was mailed in compliance with § 7104(e), the Court holds that the 120–day period of § 7266(a) was tolled and "did not begin to run again until the defect was cured" (*see Ashley*, 2 Vet.App. at 311), which occurred in this case on January 10, 1992, when the RO in Manila mailed appellant a copy of the BVA decision.

Upon consideration of the foregoing, the Court holds that appellant's NOA, received by the Court on April 15, 1992, was timely filed; it is therefore

ORDERED that, if a counterdesignation of the record by appellant is not received within 60 days of the date of this order, the Secretary, having designated the record in this case on June 8, 1992, pursuant to Rule 10 of this Court's Rules of Practice and Procedures, shall transmit the record on appeal in accordance with Rule 11.