Oscar F. FLUKER, Appellant,

v.

Jesse BROWN, Secretary of Veterans
Affairs, Appellee.

No. 91–363.

United States Court of Veterans Appeals.

July 22, 1993.

William M. Hanlin, Birmingham, AL, was on the brief, for appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Edward V. Cassidy, Jr., Washington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and MANKIN and IVERS, Judges.

IVERS, Judge:

Oscar F. Fluker appeals an April 6, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying service connection for a psychiatric disorder and a seizure disorder. *Oscar F. Fluker*, BVA 90–08401 (Apr. 6, 1990). The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance. The Court has jurisdiction of the case pursuant to 38 U.S.C.A. § 7252(a) (West 1991). For the reasons set forth below, the Court vacates the April 1990 BVA decision.

## I. FACTUAL BACKGROUND

Appellant served on active duty in the United States Army from November 21, 1961, to January 13, 1967. R. at 75–76. On April 17, 1967, a Veterans' Administration (now Department of Veterans Affairs) (VA) regional office (RO) denied service connection for residuals of a back and head injury because his discharge from service was under other than honorable conditions. *See* R. at 99; *see also* R. at 76. On August 1, 1979, following an upgrade in the character of his discharge to a general discharge (*see* R. at 79, 81, 87, 135), appellant sought to reopen the claims. R. at 99. The RO, however, denied service connection for residuals of a hematoma of the left occipito-parietal region, for a back injury, for a seizure disorder secondary to cerebral concussion, and for a schizophrenic reaction drug induced, with history of passive aggressive personality. R. at 100–01. Appellant did not appeal this determination, and the RO's rating decision became final. *See* 38 U.S.C.A. § 7105(b)(1) (West 1991); 38 C.F.R. §§ 20.200, 20.302 (1992). On June 2, 1983, appellant filed an Application for Compensation or Pension. R. at 104. On December 2, 1983, the RO granted entitlement to a non-service-connected pension on the basis of his non-service-connected schizophrenia and seizure disorder. R. at 123. On November 16, 1984, appellant sought to reopen his claim for service connection for a psychosis and for epilepsy. R. at 125. In December 1984, the RO sent notification that it had not reopened the claims because appellant's evidence was not material to the issue of service connection. R. at 128. On September 24, 1985, appellant wrote to the RO to inquire about the status of his claims, and the RO replied on October 11, 1985, that it had not reopened the claims. R. at 132. On January 24, 1989, appellant sought to reopen his claims for service connection for passive aggressive personality and for epilepsy. R. at 134. On June 6, 1989, the RO sent notification that the "evidence does not warrant any change" in the prior denial of service connection for a nervous condition and for seizures. R. at 145. On April 6, 1990, the Board denied service connection for a psychiatric disorder and for a seizure disorder. *Fluker*, BVA 90–08401, at 7.

## II. ANALYSIS

### A. Notice of Appeal

As an initial matter, the Court holds that it has jurisdiction over the instant appeal. The BVA issued its decision on April 6, 1990. Appellant filed his Notice of Appeal (NOA) with this Court on February 25, 1991. Under 38 U.S.C.A. § 7266(a) (West

1991), an NOA "must be filed within 120 days after the date on which notice of the [BVA] decision is mailed." In his NOA, appellant states that he did not receive notice of the decision until he inquired about the status of his case in December 1990. Included with appellant's NOA are copies of envelopes in which VA and the RO sent appellant notice of the BVA decision. The envelope from VA in Washington, D.C., is postmarked December 17, 1990, and bears an incorrect address. (The address on the envelope is "244 Allen St., East Montevallo, AL 35115," whereas appellant's correct address is "244 Island St. East, Montevallo, AL 35115.") The envelope from the RO is postmarked December 26, 1990, and is addressed correctly. The Court finds that the mailing by VA to an incorrect address on December 17, 1990, constitutes the "clear evidence" necessary to rebut the presumption of regularity that the Board properly mailed notice of its decision as required under 38 U.S.C.A. § 7104(e) (West 1991). *See Piano v. Brown,* 5 Vet.App. 25, 27 (1993) (per curiam). The Secretary has not contested appellant's statements regarding the mailing of the BVA decision.

> [W]here an appellant submits clear evidence to the effect that the BVA's "regular" mailing practices are not regular or that they were not followed, .the Secretary is no longer entitled to the benefit of the presumption [of regularity] and the burden shifts to the Secretary to establish that the BVA decision was mailed to the veteran and the veteran's representative, if any, as required by 38 U.S.C.[A.] § 7104(e).

*Ashley v. Derwinski,* 2 Vet.App. 307, 309 (1992); *see also United States v. Roses, Inc.,* 706 F.2d 1563, 1567 (Fed.Cir.1983) (where mailing appears to have been irregular, burden shifts to proponent to show the contrary). Therefore, because notice of the BVA decision was not mailed to appellant's correct address until December 26, 1990, the 120–day period of 38 U.S.C.A. § 7266(a) did not begin to run until the defect was cured on December 26, 1990. *See Ashley,* 2 Vet.App. at 311. Therefore,

the Court holds that appellant filed the NOA with the Court in a timely fashion.

### B. Claims

■ Appellant's claims for service connection for seizure disorder and for schizophrenia were previously denied in April 1967 (*see* R. at 99), October 1979 (R. at 101), and in December 1984 (R. at 128). Pursuant to 38 U.S.C.A. § 5108 (West 1991), the Secretary must reopen a previously and finally disallowed claim when "new and material evidence" is presented or secured with respect to that claim. *See* 38 U.S.C.A. § 7104(b) (West 1991). On claims to reopen previously and finally disallowed claims, the BVA must conduct a two-part analysis. *See Manio v. Derwinski,* 1 Vet.App. 140, 145 (1991). First, it must determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material." *See Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991). "New evidence" is evidence that is not "merely cumulative" of other evidence on the record. *Ibid.* Evidence is "material" where it is "relevant to and probative of the issue at hand" and where it is of "sufficient weight or significance that there is a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Sklar v. Brown,* 5 Vet.App. 140, 145 (1993); *Cox v. Brown,* 5 Vet.App. 95, 98 (1993); *Colvin, supra.* Second, if the BVA determines that the evidence is new and material, it must reopen the claim and "evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old." *Masors v. Derwinski,* 2 Vet.App. 181, 185 (1992). Whether evidence is "new and material" is a conclusion of law which this Court reviews de novo under 38 U.S.C.A. § 7261(a)(1) (West 1991). *See Masors, supra.* For purposes of determining whether a claimant has submitted new and material evidence to reopen a claim, the Court presumes the credibility of the evidence. *Justus v. Principi,* 3 Vet.App. 510, 513 (1992).

The evidence presented in connection with the resubmitted claims in 1989 included appellant's statements on a January

1989 VA Statement in Support of Claim form (R. at 134) and on a November 1990 VA Form 1–9 (Appeal to BVA) (R. at 153), a copy of a 1975 presidential pardon concerning the nature of his discharge from service (R. at 135), and medical records from February 21, 1989 (R. at 138–420).

 Although new, none of this evidence is material. Appellant's statements that his psychiatric disorder and seizure disorder are causally related to an in-service head injury are not sufficient to reopen the claim because they are lay assertions of medical causation. *See Moray v. Brown*, 5 Vet.App. 211, 214 (1993) (lay assertions of medical causation are insufficient to reopen claim); *see also Espiritu v. Derwinski*, 2 Vet.App. 492, 494 (1992) (lay witness is generally not capable of offering evidence involving medical knowledge, such as causation of condition); *cf. Grottveit v. Brown*, 5 Vet.App. 91, 92 (1993) (lay assertions of medical evidence are insufficient to render claim well-grounded). Moreover, the February 1989 medical records do not relate any then-current condition to a service injury or condition. Consequently, these records are not of "sufficient weight or significance that there is a reasonable possibility that [the records], when viewed in the context of all the evidence, both new and old, would change the outcome." *Sklar, supra; Cox, supra; Colvin, supra.* The Court thus holds that appellant did not submit evidence sufficient to reopen the claims.

 However, in its April 1990 decision, the Board did not apply the statutory and regulatory framework for considering resubmitted claims. In its decision, the Board stated:

Service connection for residuals of a head injury was denied by a rating action in October 1979. The veteran failed to file a timely appeal from this action and the determination became final. Since the issues of entitlement to service connection for a psychiatric disorder and epilepsy have not previously been before the Board, we will review the issues de novo.

*Fluker,* BVA 90–08401, at 2. Despite the BVA's statement to the contrary, appellant's claims for a psychiatric disorder and for a seizure disorder were considered and denied previously in 1967, 1979, and 1984. Although the claim that was the subject of the October 1979 RO rating decision was styled as a "reopened" claim for "[s]ervice connection for back and head injury" (R. at 99), the RO considered service connection for schizophrenia and for seizure disorder, as demonstrated by its denial of service connection for both conditions (R. at 101). *See EF v. Derwinski*, 1 Vet.App. 324, 326 (1991) (VA must liberally read all documents or oral testimony submitted prior to BVA decision to include all issues presented); *cf. Proscelle v. Derwinski*, 2 Vet.App. 629, 633 (1992) (BVA may not ignore claim for benefits presented on the record before the Board). In connection with the 1984 resubmitted claim, on November 29, 1984, the RO prepared a Deferred or Confirmed Rating Decision stating that the evidence regarding the seizure disorder and the schizophrenia was not material and could not serve to reopen the claims. R. at 127. (In addition, in connection with the resubmitted claim in 1983, the RO appears to have been concerned primarily with the issue of entitlement to pension. R. at 122–23. However, the rating decision continued to rate appellant's schizophrenia and seizure disorder as non-service-connected. R. at 123.) Therefore, VA had previously considered and denied appellant's claims for service connection for schizophrenia and a seizure disorder.

In *McGinnis v. Brown*, 4 Vet.App. 239, 244 (1993), the Court stated:

[J]urisdiction does indeed matter and it is not "harmless" when the VA during the claims adjudication process fails to address threshold jurisdictional issues. This is particularly true when the Secretary ignores the mandates of 38 U.S.C.A. §§ 7104(b) and 7105(c) (West 1991) which provide that finally denied claims cannot be reopened without the submission of "new and material evidence" under 38 U.S.C.A. § 5108.... We conclude that the appropriate remedy [when the BVA erroneously reopens a claim and decides

a claim on the merits] is not to affirm the BVA decision denying the claim on the merits but to vacate the decision and thereby reestablish the finality of the previous denial.

In this case, the Board altogether disregarded the effect of the previous denials and adjudicated the claims on the merits. Therefore, the Court will vacate the April 1990 BVA decision, "thereby reestablishing the finality of the previous denial." *Ibid.*

### III. CONCLUSION

Accordingly, upon consideration of the record, the Secretary's motion for summary affirmance, and appellant's brief, the Court denies the Secretary's motion and VACATES the April 1990 decision of the BVA because appellant's claim has not been reopened since it was the subject of a prior final denial.