# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 00-1263

ROBERT K. CLARK, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided  June 14, 2001  )

*Gordon W. Sargeant* and *William W. McLemore* (non-attorney practitioner), both of Austin, Texas, were on the pleadings for the appellant.

*John H. Thompson*, Acting General Counsel; *Ron Garvin*, Assistant General Counsel; *Thomas A. McLaughlin*, Special Assistant to the Assistant General Counsel; and *Cristine D. Senseman*, all of Washington, D.C., were on the pleadings for the appellee.

Before KRAMER, *Chief Judge*, and FARLEY and GREENE, *Judges*.

KRAMER, *Chief Judge*:  On June 30, 2000, the appellant filed, through counsel, a Notice of Appeal (NOA) from a June 29, 1999, Board of Veterans' Appeals (Board or BVA) decision that, inter alia, denied his claim for an effective date prior to February 27, 1995, for the award of service connection for asthmatic bronchitis.  The appellant's NOA was filed with the Court 367 days after the date stamped on the Board's June 1999 decision.  On September 8, 2000, the Secretary filed a motion to dismiss the appeal for lack of jurisdiction because the appellant failed to file a timely NOA.  For the reasons that follow, the Court will grant the Secretary's motion and will dismiss the appellant's appeal for lack of jurisdiction.

## I. BACKGROUND

On October 17, 2000, the appellant, pursuant to a Court order, filed a response to the Secretary's motion to dismiss. In his response, the appellant argued that the Secretary's contention that notice of the June 1999 Board decision was mailed to him on June 29, 1999, was "contrary to the evidence of record in the claims file." Response at 1. The appellant asserted that the BVA had conceded that it mailed notice of its June 1999 decision to him on May 8, 2000, and attached to his response a copy of a letter from the Board that he asserted contained that concession. Exhibit 1. The appellant requested that the Court deny the Secretary's motion to dismiss because his NOA was timely filed, within 120 days after the May 8, 2000, date of mailing.

The Court, on October 25, 2000, ordered the Secretary to file a preliminary record evidencing that notice of the June 29, 1999, Board decision was mailed to the appellant and his representative pursuant to the requirements of 38 U.S.C. § 7104(e). On November 20, 2000, the Secretary filed a response to the Court order to which he attached the declaration of Nancy D. Stackhouse, Director of the Administrative Service of the Board. Ms. Stackhouse stated in her declaration that: (1) although the apartment number that the Board used to mail notice of its June 1999 decision on the date of that decision was incorrect, there is no evidence that the notice was returned as undeliverable; (2) a VA regional office (RO) received a memorandum from the American Legion (AL), the appellant's representative, on April 27, 2000, that "set forth the appellant's contention that he did not receive a copy of the Board's June 29, 1999, decision until [mid-] January 2000"; and (3) the Board, subsequent to being notified of that memorandum by the RO, "re-mailed" a copy of its June 1999 decision to the appellant at his most current address then of record. Declaration (Decl.) at 2.

On January 8, 2001, the Court ordered the Secretary to file a preliminary record evidencing when the mailing defect with respect to the June 1999 Board decision, conceded in his November 2000 response, was cured or a statement that he had no further information to present on the issue. The Court notes that, in that order, the appellant was given time to respond, if he so chose, to the Secretary's response. On January 31, 2001, the Secretary responded to the Court order. In his response, the Secretary argues that, although there was a defect in mailing notice of the June 29, 1999, BVA decision because the BVA used an incorrect apartment number for the mailing, that mailing defect was cured when the appellant actually received a copy of the June 1999 Board

2

decision. Secretary's Response (Sec. Resp.) at 1-2. The Secretary asserts that the appellant received a copy of the June 1999 BVA decision in November 1999 when he received a requested copy of his complete claims file, which would have contained the June 1999 Board decision. Sec. Resp. at 2. In the alternative, the Secretary asserts that the appellant, by his own contention, as reported to the Board by the AL, received a copy of the June 1999 Board decision in January 2000. Sec. Resp. at 3. The Secretary has appended to his response a preliminary record (Prelim. R.) that he asserts supports his position, including a copy of a memorandum from the AL to the RO. In that memorandum, the AL informs the RO that "[the appellant] contends that he did **NOT** receive the BVA decision until mid-January 2000 [because] it was first sent to an [incorrect apartment number] and then re-routed to [his current address]." Prelim. R. at 18 (emphasis in original). The Court notes that the appellant did not respond to the Secretary's response.

## II. ANALYSIS

The ultimate burden of establishing jurisdiction rests with the appellant. *See McNutt v. G.M.A.C.*, 298 U.S. 178, 189 (1936); *Bethea v. Derwinski*, 2 Vet.App. 252, 255 (1992). Pursuant to 38 U.S.C. § 7266(a), in order for a claimant to obtain review of a BVA decision by this Court, that decision must be final and the person adversely affected by that decision must file a timely NOA with the Court. *See Bailey v. West*, 160 F.3d 1360, 1363 (Fed. Cir. 1998) (en banc). To have been timely filed under 38 U.S.C. § 7266(a) and Rule 4 of this Court's Rules of Practice and Procedure, an NOA generally must have been received by the Court (or, in certain circumstances, be deemed so received) within 120 days after notice of the underlying final BVA decision was mailed. *See Cintron v. West*, 13 Vet.App. 251, 254 (1999). *But see Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990) (under certain circumstances equitable tolling of judicial-appeal period may be appropriate); *Bailey*, 160 F.3d at 1365 (Court held that equitable tolling could apply when VA's conduct misled claimant into "allowing the filing deadline to pass"); *Evans v. West*, 12 Vet.App. 396, 399 (1999).

In order to fulfill its responsibilities under 38 U.S.C. § 5104(a) to provide an appellant with notice of a BVA decision, the Board must "promptly mail a copy of its written decision to the [appellant] . . . at the last known address of the [appellant] . . . ." 38 U.S.C. § 7104(e). This Court

has held that there is a "'presumption of regularity'" that applies to the mailing of Board decisions pursuant to 38 U.S.C. § 7104(e) that "'the Secretary and the BVA properly discharged their official duties by mailing a copy of a BVA decision to the claimant and [to] the claimant's representative, if any, on the date the decision is issued,'" and that that presumption can be overcome only by "'clear evidence to the contrary.'" *Davis v. Brown*, 7 Vet.App. 298, 300 (1994) (quoting *Ashley v. Derwinski*, 2 Vet.App. 307, 308-09 (1992)). When the presumption has been rebutted, the mailing defect may be cured by proof that the Board decision was actually received by the party to whom it was sent, and the 120-day period does not begin to run until the date on which that defect is cured by actual receipt. *See Ashley*, 2 Vet.App. at 311; *see also Davis*, 7 Vet.App. at 303; *Fluker v. Brown*, 5 Vet.App. 296, 298 (1993).

In the instant case, the Secretary concedes that the Board on the date of the decision mailed notice of its June 29, 1999, decision to the appellant at an incorrect address. *See* Decl. at 2; Sec. Resp. at 1. The Board's use of an incorrect address constitutes the "clear evidence" needed to rebut the presumption of regularity that the Board properly mailed notice of its decision to the appellant pursuant to 38 U.S.C. § 7104(e). *See Fluker*, 5 Vet.App. at 298; *Piano v. Brown*, 5 Vet. App. 25, 26-27 (1993). The Secretary now bears the burden of showing that this mailing defect was cured by the appellant's actual receipt of a copy of the Board's June 29, 1999, decision. *See Ashley, supra; see also Davis* and *Fluker*, both *supra*. The Secretary has provided, and the appellant has not contested, evidence, in the form of a memorandum from the AL to an RO, reflecting that the appellant received a copy of the June 1999 BVA decision in mid-January 2000. Prelim. R. at 18. The Court thus concludes that the mailing defect was cured by the appellant's actual receipt of a copy of the June 1999 Board decision in January 2000 and that the 120-day judicial-appeal period began to run at that time. Even assuming that the appellant received a copy of the Board decision as late as January 31, 2000, his NOA, which would have been due on or before May 30, 2000, was not filed within the 120-day judicial-appeal period. Given these conclusions, the Court need not address the Secretary's assertion that the appellant received a copy of the June 1999 BVA decision in November 1999. Because the appellant's NOA was not filed within the 120-day judicial-appeal period and because there is nothing in this appeal to suggest that tolling of the judicial-appeal period would be appropriate, the Court concludes that the appellant has not met the burden of demonstrating that an NOA was timely filed. *See Santoro v. West*, 13 Vet.App. 516,

521 (2000) (Court held that nothing in appeal allowed for equitable tolling of 120-day statutory judicial-appeal period because "in order for an appellant to have been 'induced by VA conduct', the appellant must have relied to his or her detriment on something that VA did that breached a duty to that particular VA claimant or, perhaps, some action VA had a duty not to do").

## III.  CONCLUSION

On consideration of the foregoing, the Secretary's motion is granted and this appeal is DISMISSED for lack of jurisdiction.