# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-2028

JOHN MAPU, JR.,                                       APPELLANT,

v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                 APPELLEE.

Before KRAMER, *Chief Judge*, and STEINBERG and GREENE, *Judges*.

## O R D E R

On June 13, 2002, the Court, in a single-judge order, dismissed this appeal for lack of jurisdiction because the appellant had not filed a Notice of Appeal (NOA) within the 120-day judicial-appeal period. *See Mapu v. Principi*, No.01-2028, 2002 WL 1926515 (Vet. App. June 13, 2002) (attached as appendix for explanatory purposes). On July 2, 2002, the appellant, through counsel, filed a motion for a panel decision.

In his motion for a panel decision, the appellant argues that his NOA, received via FedEx (formerly known as Federal Express), should be deemed timely because the Court was "'inaccessible' due to an act of war which had disabled the [United States Postal Service (USPS)] and inhibited the normal delivery of mail in the United States," and states that the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) has deemed itself inaccessible due to USPS mail disruption. Appellant's July 2, 2002, Opposed Motion for Panel Consideration at 1-2. The Court notes that Rule 26(a)(3) of the Federal Rules of Appellate Procedure provides the Federal Circuit with the authority to deem its clerk's office inaccessible, whereas this Court's Rules of Practice and Procedure (Rules) provide no such authority. *Compare* FED. R. APP. P. 26(a)(3) (excluding from filing period day "on which the weather or other conditions make the clerk's office inaccessible"), *with* U.S. VET. APP. R. 26(a)(1) (addressing computing time periods set by Court's rules, but containing no such exclusion).

Moreover, controlling caselaw limits the application of equitable tolling to cases where VA conduct caused the late filing–a situation not presented here. *See Bailey v. West*, 160 F.3d 1360, 1365 (Fed. Cir. 1998) (en banc) (holding equitable tolling principles applicable where VA's conduct misled claimant into "allowing the filing deadline to pass"); *Smith (William) v. West*, 13 Vet.App. 525, 528-29 (2000); *Evans v. West*, 12 Vet.App. 396, 399 (1999). Furthermore, under 38 U.S.C. § 7266(c)(2) and (d), and Rule 4(a)(1) of the Court's Rules, when an NOA is mailed via the USPS, it does not need to be received by the last day of the judicial-appeal period in order to be considered timely filed; rather, the NOA will be deemed timely if the envelope in which it was mailed bears a USPS postmark dated on or before the last day of the judicial-appeal period. 38 U.S.C. § 7266(c)(2),

(d); U.S. VET. APP. R. 4(a)(1). Given that the Court's Rules do not provide for deeming the Court "inaccessible", that the appellant did not send his NOA via USPS, and that his NOA was not received within the 120-day judicial-appeal period, there exists no basis for finding it timely. *See* 38 U.S.C. § 7266(c)(2), (d); *Bailey*, *Smith (William)*, and *Evans*, all *supra*; U.S. VET. APP. R. 4(a)(1), 26(a)(1). Accordingly, the Court will deny his motion for a panel decision. The Court notes that if the USPS is, in certain locations, contracting out functions, such as the delivery of overnight mail, the U.S. Congress may wish to consider whether modifications to section 7266 are warranted in order to maintain the purpose sought by the postmark provision in that section.

Upon consideration of the foregoing, it is

ORDERED that the appellant's motion for a panel decision is DENIED.

DATED:    September 13, 2002                                    PER CURIAM.


### APPENDIX

*Designated for electronic publication only*

### UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS


No. 01-2028

JOHN MAPU, JR., APPELLANT,

v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.


Before GREENE, *Judge.*

### O R D E R

*Note:  Pursuant to U.S. Vet. App. R. 30(a),*
*this action may not be cited as precedent.*

On November 29, 2001, Mr. John Mapu, Jr., filed, pro se, a Notice of Appeal (NOA) from a July 31, 2001, Board of Veterans' Appeals (Board) decision. Mr. Mapu's NOA was delivered to

the Court by Federal Express (FedEx) 121 days after the Board mailed its decision. The Secretary later moved to dismiss the appeal for lack of jurisdiction, asserting that Mr. Mapu had filed an untimely NOA. On February 25, 2002, Mr. Mapu filed, through counsel, an opposition to the Secretary's motion to dismiss. He argues that the claims file contains no evidence that July 31, 2001, is the date the Board's decision was mailed to both the appellant and his representative. Further, Mr. Mapu argues that he complied with the law by delivering his NOA to FedEx on November 28, 2001. He asserts that during the time he forwarded the NOA, the U.S. Postal Service (USPS) had suspended overnight delivery to the Washington, D.C. area. Thus he was directed to use FedEx.

This Court's jurisdiction derives exclusively from statutory grants of authority provided by Congress and may not be extended beyond that permitted by law. *See Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 818 (1988). The ultimate burden of establishing jurisdiction rests with the appellant. *See McNutt v. G.M.A.C.*, 298 U.S. 178 (1936); *Bethea v. Derwinski*, 2 Vet.App. 252 (1992). In order to obtain review by this Court of a final Board decision, an appellant must file a timely NOA. 38 U.S.C. § 7266(a). To be timely under Rule 4 of this Court's Rules of Practice and Procedure and precedents construing 38 U.S.C. § 7266(a), an NOA must be filed with the Court within 120 days after notice of the Board decision is mailed to an appellant.

Mr. Mapu's appeal was processed in the normal course of business, a process that is entitled to the presumption of administrative regularity in the absence of evidence to the contrary. *Clark v. Principi*, 15 Vet.App. 61, 63 (2001); *Davis v. Brown*, 7 Vet.App. 298, 300 (1994); *Ashley v. Derwinski*, 2 Vet.App. 307, 208-09 (1992). *See also Morris v. Sullivan*, 897 F.2d 553, 560 (D.C.Cir. 1990) (citing *United States v. Chem. Found.*, 272 U.S. 1, 14-15 (1926), for proposition that "presumption of regularity" supports official acts of public officers, and in absence of clear evidence to contrary, courts presume that they have properly discharged their official duties). Although Mr. Mapu maintains that the claims file contains no evidence that the Board decision was mailed on the date that it was issued, in the absence of any evidence showing a mailing date other than the date recorded on the decision, it is presumed that the Board decision was, in fact, mailed to both the appellant and his representative on July 31, 2001. *See Clark* and *Ashley*, both *supra*. Mr. Mapu's mere allegation is insufficient to rebut the presumption that copies of the Board decision were properly mailed. *See, e.g., Mindenhall v. Brown,* 7 Vet.App. 271, 274 (1994) (holding that statement of nonreceipt, standing alone, is not the type of "clear evidence to the contrary" sufficient to rebut the presumption of regularity).

In addition, as noted above, the NOA in this appeal was delivered to the Court via FedEx on November 29, 2001. Rule 4 of the Court's Rules of Practice and Procedure states that an NOA shall be deemed received (1) on the date of its legible postmark, affixed by the USPS, if the mailing is properly addressed to the Court and is mailed; or (2) "on the date of its receipt by the Clerk, if it does not bear a legible postmark affixed by the [USPS], *or it is delivered or sent by a means other than United States mail*." U.S. Vet. App. R. 4(a)(2) (emphasis added). Because this NOA does not bear a USPS postmark, Mr. Mapu is not entitled to the benefit of the postmark rule. Rather, his NOA must be deemed received on the date it was actually received by the Court. Mr. Mapu's

argument that delivery by FedEx is the same as mailing by USPS for purposes of interpreting the mailbox rule is contrary to both statute, *see* 38 U.S.C. § 7266(a)(3), and this Court's Rules.

Because there is otherwise nothing in this appeal to suggest that tolling of the 120-day appeal period is permissible, *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89 (1990); *Bailey v. West*, 160 F.3d 1360 (Fed. Cir. 1998), the Court concludes that Mr. Mapu has not met the burden of demonstrating that an NOA was filed within 120 days after the date of mailing of notice of the Board decision.

On consideration of the foregoing, it is

ORDERED that the Secretary's motion is granted and this appeal is DISMISSED for lack of jurisdiction.

DATED:  June 13, 2002

BY THE COURT:

/s/
WILLIAM P. GREENE, JR.
Judge

COPIES TO:

(omitted)