# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-152

GERMAN L. MATTHEWS, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided      January 26, 2005  )

*Kenneth M. Carpenter*, of Topeka, Kansas, was on the brief for the appellant.

*Tim McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Joan E. Moriarty,* Deputy Assistant General Counsel; and *Michael J. Burdick*, all of Washington, D.C., were on the brief for the appellee.

Before STEINBERG, GREENE, and HAGEL, *Judges.*

STEINBERG, *Judge*:  On January 23, 2003, veteran German L. Matthews (the appellant), through counsel, filed a Notice of Appeal (NOA) seeking review of an October 23, 2002, Board of Veterans' Appeals (Board) decision that determined that he had not filed a timely Substantive Appeal to the Board in order to appeal an August 1995 decision of a Department of Veterans Affairs (VA) regional office (RO).  Record (R.) at 3.  The parties each filed briefs, and the appellant filed a reply brief.  On September 13, 2004, the Court, by single-judge order, affirmed the Board decision. *Matthews v. Principi*, No. 03-0152, 2004 WL 2085520, at *6 (Vet. App. 2004).  Thereafter, the appellant filed a timely motion for reconsideration or, in the alternative, for a panel decision.  The Court will grant the appellant's motion for a panel decision, withdraw the single-judge  order, and issue this opinion in its stead.  For the reasons set forth below, the Court will affirm the Board decision.

## I. Relevant Background

In June 1975, the Board denied the veteran's claim for service connection for a disability of the left eye based on its determination that he had bilateral macular atrophy prior to service and that that condition was not aggravated during service. R. at 44. In January 1995, he filed a claim to reopen his previously and finally disallowed claim. R. at 61; *see* 38 U.S.C. §§ 5108, 7104(b). In August 1995, the VARO found that new and material evidence had not been presented and denied his claim to reopen. R. at 65-69. Through his representative at the time, Peter Link of the Blinded Veterans Association (B.V.A.), the veteran submitted additional evidence (R. at 77-80), and the RO, in April 1996, again denied his claim to reopen (R. at 91-92). In May 1996, he filed a Notice of Disagreement (NOD) (R. at 94), and on August 26, 1996, the RO issued a Statement of the Case (SOC) (R. at 103-11). In a letter dated October 8, 1996, to the Director of VA's Compensation and Pension Service (C&P Service), James Hafey of B.V.A. requested that the claim to reopen be reviewed, and he attached a letter dated September 11, 1996, from Mr. Link. R. at 113-14. The attached letter noted, among other things, that the RO "has refused to issue a[n SOC] in response to the NOD", that Mr. Link had spoken with the RO to find out why an SOC was not issued, and that the RO's response "was to issue another rating decision". R. at 114.

In May 1997, the veteran appointed his current counsel, Kenneth M. Carpenter, to replace Mr. Link as his representative. R. at 122. In a letter dated that same month to the RO, Mr. Carpenter noted that, as of that date, the RO had failed to issue an SOC in response to the May 1996 NOD and demanded that the RO issue an SOC. R. at 123-24. By letter in response, the RO informed Mr. Carpenter that an SOC was sent to the veteran on August 27, 1996, and that because he had not filed a Substantive Appeal to the Board, the RO decision had become final. R. at 126-27. In a letter dated July 29, 1997, to the RO, Mr. Carpenter requested a copy of the veteran's "complete claims folder" in order "to confirm the accuracy and completeness of the records[] and for his use in pursuing his disability claim." R. at 131. In response to that letter, on August 12, 1997, the RO sent to Mr. Carpenter a copy of the claims file. R. at 135. In a letter dated in October 1997, Mr. Carpenter again requested a copy of the SOC. R. at 149-51.

On January 13, 1998, the RO sent to Mr. Carpenter a copy of the August 1996 SOC and noted (1) that a copy of that SOC had been sent in August 1997 as part of a response to the veteran's

request for the claims file and (2) that in that prior response, the RO had sent the veteran "everything dated thru [sic] August 12, 1997". R. at 161. In a letter dated March 4, 1998, Mr. Carpenter stated that he considered the date of service of the SOC to be January 13, 1998, and requested that the RO accept that letter as a VA Form 9 (Substantive Appeal to the Board). R. at 163-64. In a June 2000 SOC, the RO determined that the Substantive Appeal filed in March 1998 was not timely received. R. at 218. The RO noted, among other things, that the SOC was part of the complete copy of the claims file that had been sent to Mr. Carpenter on August 12, 1997. *Ibid*. In July 2000, the veteran timely appealed that determination to the Board. R. at 220-28.

In the October 2002 BVA decision here on appeal, the Board determined that the veteran had not filed a timely Substantive Appeal as to the August 1995 RO decision and that that RO decision was final. R. at 3. In so concluding, the Board found that copies of the SOC were sent to the veteran and to the B.V.A. on August 27, 1996, and that a Substantive Appeal as to the RO decision was not filed within 60 days thereafter. R. at 3-4. The Board found that the presumption of regularity in mailing the SOC was "sufficiently triggered by the notation ('cc: BVA' [(an acronym for the Blinded Veterans Association)]) made in the original [SOC that is] retained . . . in the claims folder," that the SOC was not returned as undeliverable, and that the presumption of regularity in mailing had not been rebutted. R. at 4-5.

## II. Analysis

### *A. Parties' Contentions*

On appeal, the appellant contends that the October 1996 letter from Mr. Hafey and the attached copy of Mr. Link's September 11, 1996, letter constitute clear evidence to rebut the presumption of regularity in the mailing of the SOC to the appellant's then-representative. Appellant's Brief (Br.) at 7. The appellant also argues that the first time that the RO provided a copy of the SOC to his representative as required by section 7105(d)(3) was on January 13, 1998, after repeated requests from his representative, and that on March 4, 1998, the appellant filed a timely Substantive Appeal. Br. at 9, 15-16. In response, the Secretary argues that the appellant's reliance on the September 1996 letter from Mr. Link, as well as subsequent letters from the appellant's current representative, Mr. Carpenter, reiterating the same assertion of nonreceipt of the SOC, do

not rise to the level of the "clear evidence" required to rebut the presumption of regularity. Secretary's Br. at 6-7. The appellant counters that he has presented more than his unsupported statement of nonreceipt; he asserts that the statement of nonreceipt is from his former accredited representative and that such statement is supported by additional documentary evidence confirming the nonreceipt. Reply Br. at 2. He notes that Mr. Hafey's October 1996 letter and Mr. Link's September 1996 letter and the subsequent letters from Mr. Carpenter noted the failure of the RO to provide the SOC and demanded that one be sent. Reply Br. at 3-4. He argues that the requisite clear evidence is provided by the repeated efforts of his representative to obtain a copy of the SOC. Reply Br. at 5.

### B. Applicable Law and Regulations

Pursuant to 38 U.S.C. § 7105, the filing of an NOD initiates appellate review in the VA administrative adjudication process, and the request for appellate review is completed by the claimant's filing of a Substantive Appeal after an SOC is issued by VA. 38 U.S.C. § 7105(a), (d)(1), (d)(3); *see Rowell v. Principi*, 4 Vet.App. 9, 14 (1993). Once a claimant has filed an NOD, the responsibility shifts to the RO to issue an SOC; the claimant must then file a Substantive Appeal to perfect an appeal to the Board. *See* 38 U.S.C. § 7105(d)(1), (d)(3); *Rowell*, 4 Vet.App. at 16. "A Substantive Appeal consists of a properly completed VA Form 9, 'Appeal to Board of Veterans' Appeals,' or correspondence containing the necessary information." 38 C.F.R. § 20.202 (2004); *see YT v. Brown*, 9 Vet.App. 195, 199 (1996). Section 7105(d)(3) provides: "Copies of the [SOC] . . . will be submitted to the claimant and to the claimant's representative, if there is one. The claimant will be afforded a period of sixty days from the date the [SOC] is mailed to file the formal appeal", 38 U.S.C. § 7105(d)(3), or may file the appeal within the remainder of the one-year period beginning on the date on which notice of the RO decision being appealed was mailed, whichever period ends later, 38 C.F.R. § 20.302(b)(1) (2004); *see Mason (Sangernetta) v. Brown*, 8 Vet.App. 44, 55 (1995). The regulations further provide that the SOC "will be forwarded to the appellant at the latest address of record and a separate copy provided to his or her representative (if any)." 38 C.F.R. § 19.30(a) (2004). The 2004 edition of the Code of Federal Regulations provisions quoted above have not changed in any material respect from those in effect in 1996. *See* 38 C.F.R. §§ 19.30(a),

20.202 (containing the term "VA Form 1-9", which was replaced in 1996 with the term "VA Form 9", 61 Fed. Reg. 20450 (May 7, 1996)), 20.302(b) (1995).

This Court has held that the law presumes the regularity of the administrative process "'in the absence of clear evidence to the contrary.'" *Mindenhall v. Brown*, 7 Vet.App. 271, 274 (1994) (quoting *Ashley v. Derwinski* (*Ashley I*), 2 Vet.App. 62, 64-65 (1992)). In the absence of clear evidence to the contrary, that presumption applies to VA's mailing an SOC in the same manner that it applies to the Board's mailing a decision. *See Crain v. Principi*, 17 Vet.App. 182, 186 (2003); *YT*, 9 Vet.App. at 199 (quoting *Mindenhall, supra*, and citing *Ashley I, supra*). In order for this presumption to attach, VA must mail notice to the latest address of record for the claimant and the claimant's representative, if any. *See Crain*, 17 Vet.App. at 186; *see also Ashley v. Derwinski* (*Ashley II*), 2 Vet.App. 307, 309 (1992) (concluding that mailing of notice of Board decision pursuant to 38 U.S.C. § 7104(e) must be sent to claimant at claimant's "last known address" of record). In *Ashley II*, the Court stated as follows:

> Where an appellant submits clear evidence to the effect that the [Board's] "regular" mailing practices are not regular or that they were not followed, the Secretary is no longer entitled to the benefit of the presumption and the burden shifts to the Secretary to establish that the [Board] decision was mailed to the veteran and the veteran's representative, if any, as required by 38 U.S.C. § 7104(e).

*Ashley II*, 2 Vet.App. at 309; *see Ashley I*, 2 Vet.App. at 66 (quoting *United States v. Roses*, 706 F.2d 1563, 1567 (Fed. Cir. 1983) ("'The presumption [of official regularity may also] operate[] in reverse. If [a mailing] appears irregular, it is irregular, and the burden shifts to the proponent to show the contrary.'").

A mere assertion of nonreceipt of a VA decision, without more, does not establish the "clear evidence" needed to rebut the presumption of regularity of a VA mailing. *Ashley II*, 2 Vet.App. at 309; *cf. Chute v. Derwinski*, 1 Vet.App. 352, 353 (1991) (per curiam order) (holding that claimant's assertion of nonreceipt of Board decision was not sufficient by itself to rebut presumption of regularity, but that such assertion together with evidence of claimant's having made inquiries to veterans service officer after decision had been mailed and lack of evidence from VA of having mailed decision rebutted such presumption). Once the presumption has been rebutted, the burden

shifts to the Secretary to show that regular mailing practices were followed in mailing the document in question in accordance with applicable law and regulation – here, the Secretary must demonstrate that the SOC was mailed to the claimant's representative as required by section 7105(d)(3) and *YT*, 9 Vet.App. at 199, or that the claimant's representative actually received the SOC. *See Ashley II*, 2 Vet.App. at 309. If the Secretary fails to carry this burden as to mailing, the period for filing a Substantive Appeal does not begin to run until the defect is cured (i.e., here, when the claimant's representative actually received the SOC). *See id.* at 311.

### C. Application of Law to Facts

For purposes of this case, the Court assumes, without deciding, that the presumption of regularity attached to the RO's mailing a copy of its August 1996 SOC to the correct address of the appellant's former representative, Mr. Link. (The Court notes that the appellant is ***not*** challenging the attachment of the presumption but argues only that there is clear evidence to rebut the presumption. Reply Br. at 5.) The Court further assumes, without deciding, that the presumption that the RO mailed the SOC to the appellant's former representative pursuant to section 7104(e) was rebutted by "clear evidence" – that is, that, in conjunction with the appellant's assertion of Mr. Link's nonreceipt of a copy of the August 1996 SOC, the appellant submitted "clear evidence" of rebuttal, in the form of letters from Mssrs. Hafey and Link, of the B.V.A.'s having made inquiries to the RO after the SOC had been mailed to the appellant. *See Chute*, *supra*.

The Court concludes that, even assuming that the Secretary was entitled to the presumption and that the appellant rebutted it, the Secretary has demonstrated that any potential defect in the mailing was cured by the receipt by the appellant's counsel, Mr. Carpenter, of a copy of the SOC in August 1997. *See Clark v. Principi*, 15 Vet.App. 61, 63-64 (2001); *Ashley II*, *supra*. It is undisputed that Mr. Carpenter received the appellant's claims file in August 1997 and that that claims file contained the August 1996 SOC. R. at 135, 161, 227. In response to the RO's statement (in the 2000 SOC on the timeliness issue) that the August 1996 SOC was in the claims file when it was sent to Mr. Carpenter in August 1997, Mr. Carpenter directly addressed that statement as follows:

> The final contention of the []RO in the 2000 SOC[] appears to be that the veteran's new representative, Kenneth M. Carpenter, had the duty once he received the C-[f]ile on August 12, 1997, to first search through the veteran's C-file and locate the August 1996 SOC. Then

6

Mr. Carpenter was to realize that the []RO had not provided the veteran's previous representative with the August 26, 1996, [SOC], and that now the veteran and his representative had 60 days in which to file a VA9. This is absurd. Again, the duty is not upon the veteran's representative to obtain a copy of the August 1996 SOC. It is the responsibility of the []RO to provide the veteran with a copy of the SOC. Anything short of mailing a copy of the SOC, and only the SOC, to the veteran's representative fails to fulfill the []RO's duty.

R. at 227 (Substantive Appeal on untimeliness issue).

The appellant's arguments are to no avail, because the undisputed facts are that in responding to the RO's statement, Mr. Carpenter did not dispute the RO's assertion that the August 1996 SOC was in the claims file provided to him; rather, he stated only that he should not be required to search its contents to find the SOC. That continues to be counsel's argument. Accordingly, it is undisputed that Mr. Carpenter was in actual receipt of a copy of the SOC in August 1997. In addition, the Court notes that Mr. Carpenter's contemporaneous request to the RO for the claims file and his statement to the RO that he had not been provided with a copy of the SOC contradicts his statement that at the time that he received the claims file he did not "realize that the []RO had not provided the veteran's previous representative with the August 26, 1996, [SOC]". *Compare* R. at 129 (July 22, 1997, letter from Mr. Carpenter to RO requesting SOC) *with* R. at 131 (July 29, 1997, letter from Mr. Carpenter to RO requesting complete claims file); *see also* R. at 123-24 (May 1997 letter from Mr. Carpenter to RO asserting that RO had failed to issue SOC).

The Court therefore holds that the manner in which the appellant's counsel received a copy of the SOC in August 1997 was sufficient to cure any potential defect in the Secretary's mailing of the SOC in August 1996 to the appellant's then-representative. *See* 38 U.S.C. § 7105(d)(3); 38 C.F.R. § 19.30(a); *Clark*, 15 Vet.App. at 64; *Ashley II*, 2 Vet.App. at 309. Under the particular circumstances presented here, where the appellant's counsel knew or believed, at the time that he requested the RO to send him the claims file, that the RO had not sent the appellant's former representative a copy of the SOC and where counsel had specifically requested in July 1997 the "complete claims file" in order "to confirm the accuracy and completeness of the records[] and for his use in pursuing the disability claim" (R. at 131), counsel's receipt, in response to that request, of the claims file in August 1997, which claims file contained the SOC, cured any potential defect in

7

the mailing of the SOC to the appellant's former representative. Indeed, in light of counsel's assertion that he was requesting the claims file "for use in pursuing the disability claim", it seems disingenuous for him to state that he should not be obligated to "search through the veteran's C-file and locate the August 1996 SOC." R. at 227. Moreover, the Court notes that the appellant has not demonstrated that his counsel's looking through the claims file at that time was an impossible or particularly onerous task. *Cf. Wood v. Derwinski*, 1 Vet.App. 190, 193 (1991) (noting that "duty to assist is not always a one-way street").

Because of the Court's holding herein that any potential mailing defect was cured under the particular circumstances of this case by the actual receipt by the appellant's counsel in August 1997 of a copy of the August 1996 SOC, the 60-day period for filing a Substantive Appeal began to run at that time. *See Clark*, *supra*. Therefore, even assuming that the March 1998 letter from the appellant's counsel constituted a Substantive Appeal, that Substantive Appeal would have been due not later than in October 1997 and it was not filed within the requisite period. Although there might be a question whether the October 1996 letter, together with the attached September 1996 letter, constituted a Substantive Appeal (*see Archbold v. Brown*, 9 Vet.App. 124 (1996) (concluding that, where appellant did not receive SOC, correspondence from appellant that contained information required under 38 C.F.R. § 20.202 constituted Substantive Appeal)), in light of the appellant's statement in his brief that he is ***not*** asserting that those communications constituted a Substantive Appeal (Br. at 13) the Court will not review the Board's determination on that issue (R. at 6). Accordingly, the Board's determination that no timely Substantive Appeal was filed as to the August 1995 RO decision and that that decision thus became final and unappealable to the Board will be affirmed.

## IV. Conclusion

The Court grants the appellant's motion for a panel decision and withdraws the Court's September 13, 2004, single-judge order. Based on the foregoing analysis and upon consideration of the parties' pleadings and the record on appeal, the Court holds that the appellant has not demonstrated that the Board committed error – in its findings of fact, conclusions of law, compliance with procedural requirements, or articulation of reasons or bases – that would warrant reversal or

8

remand under 38 U.S.C. §§ 7104(a) or (d)(1), 7105, or 7261, or 38 C.F.R. §§ 19.30(a), 20.202, 20.302(b)(1). Therefore, the Court affirms the October 2002 Board decision.

AFFIRMED.