KASOLD, Chief Judge,
concurring in part and dissenting in part:
I fully concur in the Court’s (1) holding today that the terms of a joint motion for remand (JMR) are for consideration when determining what issues might reasonably be raised by the record, as well as the Court’s application of that holding, and (2) application of Savage v. Shinseki, 24 Vet.App. 259 (2011), to the facts in this case.
I cannot agree, however, with the majority’s view of professional responsibility with regard to managing a case. Succinctly stated, the Secretary confirmed at oral argument that, with regard to claims remanded by the Court, it is his practice to *548 send claimants and counsel a letter informing them that they have 90 days to submit additional evidence before the Board will render its decision. Given this practice, I believe it is well within the parameters of competent representation and proper case management that an attorney practicing before this Court and aware of the Secretary’s practice might wait for the Secretary’s 90-day letter before reviewing a claims file after a matter has been remanded to the Board and before finalizing the evidence and argument counsel might wish to present.
In finding otherwise, the majority essentially requires counsel to examine a claims file for such a letter, just in case the letter was sent to the wrong counsel, as was the case here. There certainly is lore about VA errors, but I do not believe even that rises to the level of requiring an appellant’s counsel to search for a misdirected 90-day letter that counsel is not aware has been issued.
Rather, the Secretary erred in this case when he sent a 90-day letter to the wrong representative, and that error was the cause of Mr. Carter’s counsel not being provided the properly anticipated notice prior to issuance of the Board decision now on appeal — notice that indisputably is the practice of the Secretary. The lack of notice, in turn, is why Mr. Carter’s counsel did not present additional argument below. Indeed, had counsel for Mr. Carter been provided the 90-day notice, she could have raised the two issues that are raised in this appeal but — in the context of the parties’ JMR without subsequent argument presented below — not reasonably raised by the record. The 90-day notice letter also would have permitted counsel to timely focus on Mr. Carter’s claim and secure a medical opinion within the 90-day notice period, which practice, incidentally, would provide a more current opinion than one obtained immediately after a Court remand and well before issuance of the 90-day letter provided by the Secretary.[9]
As to the majority’s reliance on Matthews v. Principi, 19 Vet.App. 23, 29 (2005), it is misplaced. Yes, Matthews held that actual receipt of a notice in a claims file may cure a potential notice defect in the original mailing of that notice, and rejected an argument that an appellant’s counsel should not be required to search the contents of the claims file in order to preserve a veteran’s rights to appeal. Id. But, Matthews involved a claims file that was forwarded to a newly retained counsel who knew a Statement of the Case (SOC) had been issued before he requested and received the claims file, such that the reasonably prudent counsel would know that the SOC should be contained in the claims file. In those limited circumstances, receipt of the claims file cured any defective mailing of the SOC to the previous representative. Id. at 25, 29. Matthews did not involve a counsel who secured a remand to the Board, the Secretary’s practice of providing a 90-day letter before a Board decision is rendered, and no knowledge on the part of counsel that a 90-day letter had been issued.
In sum, Mr. Carter was denied fair process and a meaningful opportunity to participate in his claim, and this matter should be remanded to now provide that process and opportunity. See Haney v. Nicholson, 20 Vet.App. 301, 305 (2006) (Secretary “is required to provide fair process in the adjudication of claims” (citing Austin v. *549 Brown, 6 Vet.App. 547 (1994))); Thurber v. Brown, 5 Vet.App. 119, 122-26 (1993) (noting general principles of fair process and stating that “VA’s nonadversarial claims system is predicated upon a structure which provides for notice and an opportunity to be heard at virtually every step in the process”); see also Wagner v. United States, 365 F.3d 1358, 1365 (Fed.Cir.2004) (“Where the effect of an error on the outcome of a proceeding is unquantifiable, however, we will not speculate as to what the outcome might have been had the error not occurred.”); Arneson v. Shinseki, 24 Vet.App. 379, 389 (2011) (finding prejudice when error “could have altered” the Board’s determinations); Overton v. Nicholson, 20 Vet.App. 427, 435, 444 (2006) (any error depriving a claimant of “a meaningful opportunity to participate effectively in the processing of his or her claim ... must be considered prejudicial” and remanding where claimant was not able to meaningfully participate in the adjudication of his claim).

. The majority also places emphasis on the fact that Mr. Carter's counsel did not review the claims file for more than 12 months after receiving it, but such emphasis is a red herring. Either the Secretary has a practice of providing a 90-day notice letter or he does not. Either counsel can rely on that or they cannot.