# United States Court of Appeals for the Federal Circuit

---

**HARMON CARTER, JR.,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2014-7122

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-218, Chief Judge Bruce E. Kasold, Judge Lawrence B. Hagel, Judge William A. Moorman.

---

Decided: July 21, 2015

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

MARTIN F. HOCKEY, JR., Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR.; DAVID J. BARRANS, MARTIE ADELMAN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

JOHN TAYLOR HEBDEN, Sidley Austin LLP, Washington, DC, for amicus curiae The National Veterans Legal Services Program. Also represented by EUGENE R. ELROD.

———————————

Before REYNA, PLAGER, and TARANTO, *Circuit Judges.*

TARANTO, *Circuit Judge.*

Harmon Carter applied to the Department of Veterans Affairs to reopen an earlier claim for veterans' benefits. After the Board of Veterans' Appeals denied the reopened claim on the merits, Mr. Carter appealed to the Court of Appeals for Veterans Claims, which, by the parties' agreement, remanded to the Board to give Mr. Carter the opportunity to submit additional evidence. But the Board then failed to give proper notice of the Board-set deadline for filing such evidence, and Mr. Carter missed the deadline. When the Board denied Mr. Carter's claim, without having received new evidence from Mr. Carter, the Veterans Court affirmed. We conclude that the Veterans Court had an incorrect understanding of the law governing the notice defect in this case, and we vacate the Veterans Court's decision and remand for Mr. Carter to have the opportunity to submit his new evidence.

## BACKGROUND

Mr. Carter served in the U.S. Army from 1965 to 1967. In 1989, Mr. Carter filed a claim for disability benefits for an injury to his lower back, which the Department of Veterans Affairs (VA) denied in 1990. He sought to reopen the claim in 2005 by filing new evidence that he had aggravated the injury in the course of his military service. In 2006, the VA reopened Mr. Carter's claim but denied it on the merits, and the Board affirmed in September 2009. While Mr. Carter's appeal to the Veterans Court was pending, Mr. Carter changed counsel.

He filed VA Form 21-22a in March 2010, naming a new, private attorney as his representative in place of the Disabled American Veterans. Around the same time, the new counsel also requested a copy of Mr. Carter's complete claim file.

In June 2010, the new counsel and the government negotiated and filed a joint motion in the Veterans Court requesting partial vacatur of the September 2009 Board decision and an order remanding the case for the Board to address several errors in its decision. J.A. 64–69. In the motion, the parties agreed that, "[o]n remand, [Mr. Carter] should be free to submit additional evidence and argument regarding his claim." J.A. 68 (citing *Kutscherousky v. West*, 12 Vet. App. 369, 372 (1999) (per curiam), and *Kay v. Principi*, 16 Vet. App. 529, 534 (2002)). The Veterans Court granted the motion on July 6, 2010, remanding the case in accordance with the "instructions in the joint motion," which the court "incorporated . . . by reference." J.A. 70. The court sent the decision to both parties.

The Board took over the matter a month later. It prepared a letter (the "90-day letter"), dated August 6, 2010, designed to notify Mr. Carter that his "case ha[d] been received by the Board following issuance of the [Veterans] Court's remand decision," and that proceedings before the Board were ready to begin. J.A. 71. The letter stated that, if Mr. Carter chose "to submit any additional argument or evidence, *it must be submitted . . . **within 90 days** of the date of this letter*." *Id.* (italics added, bold in original); *see* J.A. 71. The Board sent the letter to Mr. Carter and his former representative, the Disabled American Veterans, but not to his new counsel. J.A. 73. It is undisputed that Mr. Carter's counsel never received the letter within the 90-day period, which ended on November 4, 2010.

On December 13, 2010, the VA sent the new counsel a copy of Mr. Carter's claim file, nearly nine months after she requested it. J.A. 3–4. Although she had filed the request before the remand order issued, a copy of the 90-day letter had been added to Mr. Carter's claim file before it was copied and sent to her. She admittedly did not read the file upon receipt, and thus did not see the letter. J.A. 14–15.

In February 2011, without hearing from Mr. Carter or his attorney, the Board acted on the remanded case, again denying his claim for benefits. J.A. 75–87. Like the 90-day letter, the Board decision did not immediately reach Mr. Carter's attorney. She did not receive a copy of the February 2011 Board decision until December 2011, at which point she filed an appeal to the Veterans Court for Mr. Carter.

Before the Veterans Court, Mr. Carter argued that, but for the Board's mistake in not sending his attorney the 90-day letter, he would have provided the Board with evidence supporting a new theory of entitlement, namely, that a specific incident during his Army service caused a *new* back injury (rather than merely aggravating an old one). He also argued that some evidence supporting this new theory already existed in the record and that, under *Robinson v. Shinseki*, 557 F.3d 1355, 1362 (Fed. Cir. 2009), the Board was required to review his file to determine the merits of that new theory—whether or not the parties' joint motion for remand arguably narrowed the scope of the Board's task on remand.

The Veterans Court affirmed the Board's decision. *See Carter v. Shinseki*, 26 Vet. App. 534 (2014). It held that the Board's notice error was cured by, among other things, his new counsel's receipt of her client's complete claim file, even though the explicitly stated deadline for submitting new evidence had passed by then. *Id.* at 545–46. And, addressing a broader legal question not specifi-

cally tied to the notice issue, it concluded that a veteran and the government may agree to narrow the scope of the Board's obligation to review the record on remand, even if no narrowing occurred in this case. *Id.* at 542–43. Mr. Carter appeals under 38 U.S.C. § 7292(a).

## DISCUSSION

Mr. Carter appeals the Veterans Court's decision that the Board did not deprive him of the required notice of the opportunity to submit new materials, despite the Board's admitted failure to notify his counsel of the deadline for submitting those materials until after the deadline had passed. The appeal concerns only the legal correctness of the Veterans Court's rationale for finding a notice deficiency cured. The appeal therefore presents a question of law falling within our appellate jurisdiction. 38 U.S.C. §§ 7292(a), (c), (d)(1).

The Board failed to give Mr. Carter's counsel notice of an unambiguously stated deadline for submitting evidence until the deadline had passed. The Veterans Court concluded that the Board's initial notice error was "cured," pointing to the facts that Mr. Carter's counsel had advance knowledge that remand proceedings would be forthcoming, received the claim file (containing the 90-day letter) after the evidence-submission deadline had passed, and then took no action until she received the Board's February 2011 decision in December 2011. We conclude otherwise as a matter of law. Because we cannot find the uncured notice error harmless, we vacate the Veterans Court's decision and remand with instructions to return the case to the Board to allow Mr. Carter to submit new materials according to the procedures agreed to in the earlier joint motion for remand. As the record may change on remand, we do not decide whether the Veterans Court committed any error with respect to whether a remand motion like the one in this case could alter the Board's otherwise-applicable duty regarding

consideration of issues raised by the record. *See Robinson*, 557 F.3d at 1362.

The Board expressly and unambiguously gave Mr. Carter precisely 90 days to submit evidence on remand, the period starting the day the Board mailed him the letter informing him of that opportunity: "any additional argument or evidence . . . *must be submitted . . . within 90 days of the date of this letter*." J.A. 71 (italics added). As one would expect given the nature of a client's reliance on counsel, a VA regulation required the Board to "suppl[y]" Mr. Carter's "recognized attorney," as defined by 38 C.F.R. § 14.629, "with a copy of each notice to the claimant respecting the adjudication of the claim," § 1.525(d). The government does not dispute the applicability of 38 C.F.R. § 1.525(d) in this case. That regulation required the Board to give Mr. Carter's counsel notice of the deadline running from the Board's mailing of the 90-day letter to Mr. Carter.

That regulatory requirement of notice can only sensibly be construed to require that the notice to counsel be timely, which requires, at a minimum, notice before the expressly stated deadline has passed. We could hardly interpret the notice requirement any differently given the nature of "notice." *See, e.g., Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"); *In re Smith*, 582 F.3d 767, 780 (7th Cir. 2009) (notice must come sufficiently in advance of a critical deadline to give the affected party "a reasonable opportunity to take appropriate action before the deadline . . . passe[s]"); *Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1112 (D.C. Cir. 1985) (notice must be given "*before* a hearing if there is to be a meaningful opportunity to respond"); *Bell v. Parkway Mortg., Inc. (In re Bell)*, 309 B.R. 139, 157 (Bankr. E.D. Pa. 2004) (notice of a borrow-

er's right to rescind a loan, received after the rescission deadline expired, was "meaningless"); 32 Wright & Koch, Fed. Prac. & Proc.: Judicial Review § 8222 (1st ed. 2006) ("Fairness . . . requires that the notice be given sufficiently prior to the adjudication so as to allow the party to adequately participate."). The government cites no authority to the contrary. And the Board undisputedly failed to meet the pre-deadline-notification requirement.

The Veterans Court nevertheless held that the notice error was "cured." At least in this context, a "cure" of the notice defect must mean some source providing notification of the same opportunity a correct notice would have provided. There was no such cure here. The only notification Mr. Carter's counsel ever even arguably received was the 90-day letter itself (as part of the claim file).[1] Without an additional notice, we do not see how the notice failure could have been cured unless the applicable law itself contemporaneously put Mr. Carter's counsel on notice that the 90-day letter could not be applied according to its unambiguous terms, *i.e.*, unless the law informed his counsel that, despite the unambiguously stated deadline, Mr. Carter was legally entitled to submit evidence past the deadline and have it considered by the Board exactly as if it had been submitted before the deadline. There was no such law.

To begin with, no clear countermanding of the unambiguous Board letter can be found in a regulation discussed by the parties, 38 C.F.R. § 20.1304(a). That regulation provides that "[a]n appellant and his or her representative, if any, will be granted a period of 90 days

---

[1] Because the required notice was of the starting of the 90-day clock, it is not enough that Mr. Carter's counsel participated in the remand negotiations and received the Veterans Court's remand order—which did not give, and could not have given, notice of the starting date.

following the mailing of notice to them that an appeal has been certified to the Board" and specifies certain rules. It is enough for present purposes to note that the government itself insists that the regulation does not apply at all here. Citing the "certified to the Board" language, the government argues that the regulation applies only to cases that arrive at the Board on appeal from the regional office, and not to cases arriving at the Board by way of remand from the Veterans Court. Gov't Br. 21; *see Carter*, 26 Vet. App. at 537 n.4 ("[N]o provision of § 20.1304 applies to a remand from the Court to the Board . . . ."). The government's argument of inapplicability of the regulation means, at a minimum, that the regulation did not clearly give notice that the deadline stated in the Board's 90-day letter was legally inoperative.

Neither did the Veterans Court decision, *Kutscherousky v. West*, 12 Vet. App. 369, 372 (1999) (per curiam), which was cited in the joint motion to remand that the remand order incorporated, J.A. 68, 70. The cited portion of *Kutscherousky* states:

> [I]n every case in which the Court remands to the Board a matter for adjudication . . . an appellant is entitled, until 90 days have expired after the Board mails to the appellant a postremand notice to the following effect, to submit, under the parameters set forth in 38 C.F.R. §§ 19.37, 20.1304(a), without a showing of good cause, additional evidence and argument, or to request by the end of such 90 days a "hearing on appeal" at which the appellant may submit new evidence, to be considered by the Board . . . .

*Kutscherousky*, 12 Vet. App. at 372. That language strongly tends to reinforce rather than override the Board's letter in this case when it refers to the submission period as starting when "the Board mails *to the appellant* a postremand notice." And the subsequent language

provides no clear contrary message in referring to § 20.1304(a). That reference, even if it overcame the government's objection to the applicability of the regulation to this remand case, might be only to the rules of the regulation separate from the regulation's language about "the mailing of notice to them" (the claimant and his or her representative).[2] We think it too strained to suggest (if the government does) that the unambiguous Board letter could be clearly seen at the time to have been overridden by the indirect incorporation of one possible interpretation of *Kutscherousky*.

The Veterans Court cited *Matthews v. Principi*, 19 Vet. App. 23 (2005), but the existence of that decision on the books cannot have provided Mr. Carter's counsel the clear letter-overriding notice required for a cure here. In *Matthews*, the court held that an attorney's receipt of a Statement of the Case contained in a response to a request for a veteran's claim file (under specific circumstances not present here) constituted the required mailing, which then started the clock for filing an appeal. *Id.* at 29. The ruling that the particular clock restarted in that context did not provide Mr. Carter's counsel clear notice that the clock restarted in the present context, contrary to the clear deadline in the Board letter.

Moreover, the law certainly gave Mr. Carter's counsel no clear notice that any post-deadline opportunities for discretionary relief from the Board for a late filing were the same as the pre-deadline entitlement to consideration of evidence. When Mr. Carter negotiated the remand to

---

[2] At argument, counsel for the government suggested the opposite, stating that, under *Kutscherousky*'s language, the 90-day period commences upon mailing the notice "to the appellant . . . , and so there's no dispute that Mr. Carter did get the notice here." Oral Arg. at 24:15–24:50.

the Board, he did not secure merely the opportunity to *ask permission* to submit new materials on remand; he requested, and the government guaranteed, an unrestricted *right* to submit new materials for a 90-day period following the required mailing. No law gave Mr. Carter's counsel notice that, upon receiving the 90-day letter after the deadline had run, she still had the right to have the Board consider late-submitted evidence as if it had been timely submitted.

The Veterans Court did not cite anything providing such notice. It said that Mr. Carter would have been entitled to "raise[] *arguments* to the Board" even after the final decision had issued and that "the Board would have been required to *consider* them." *Carter*, 26 Vet. App. at 546 (emphases added). Even if the Veterans Court is correct, *but cf.* Gov't Br. at 16 n.4 (the government states that it is "not aware of the authority for the Veterans Court's statement here"), an obligation to "consider arguments" is not an obligation to consider evidence as if it were timely submitted. The Veterans Court later stated, without identifying any authority for the proposition, that Mr. Carter was not "prevented from presenting additional argument *or evidence*." *Carter*, 26 Vet. App. at 546. That he was not "prevented from presenting" evidence does not mean that the Board was obliged to consider the evidence as if timely submitted, much less that this was clear at the time. And, although the Veterans Court often grants relief from *appeal* deadlines missed on account of an initially defective (but later-corrected) notice, *see, e.g., Ashley v. Derwinski*, 2 Vet. App. 307, 311 (1992), there was no clear basis for relying on that practice as applying to the non-appeal deadline at issue here.

In these circumstances, we conclude that the Veterans Court legally erred in finding a cure of the notice defect. That conclusion requires a vacatur and remand unless we find the error to be harmless. *See* 38 U.S.C. § 7261(b)(2); *Shinseki v. Sanders*, 556 U.S. 396, 406 (2009). We cannot.

The Veterans Court made no determination that, if Mr. Carter's counsel had received the notice in a timely fashion, she would have submitted no evidence. The government has not sufficiently made such an argument on appeal, at most making a passing assertion inadequate to preserve the point. And in any event, we have no basis for finding harmlessness of the notice error.

### Conclusion

For the foregoing reasons, we vacate the decision of the Veterans Court, and we remand the case for a further remand to the Board, to which Mr. Carter can submit new materials in accordance with the terms of the original remand order from the Veterans Court.

Costs awarded to appellant.

**VACATED AND REMANDED**