Citation Nr: 1749186 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 12-17 795 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi


THE ISSUES

1. Entitlement to service connection for pseudofolliculitis barbae.

2. Entitlement to service connection for a left knee disorder, to include as secondary to service-connected right knee disability. 


REPRESENTATION

Appellant represented by: Robert V. Chisholm, Attorney


WITNESS AT HEARING ON APPEAL

Veteran




ATTORNEY FOR THE BOARD

B. N. Quarles, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the United States Navy from August 1972 to August 1975, and in the Mississippi Air National Guard/United States Air Force Reserves (ANG/USAFR) from May 2002 to January 2003 and April 2006 to November 2007. The Veteran also has periods of active duty for training (ACDUTRA) and inactive duty for training (INACDUTRA) in the Navy Reserves and the ANG/USAFR. 

These matters come before the Board of Veterans Appeals (Board) on appeal from an October 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Jackson, Mississippi.

In March 2014, the Veteran testified at a Travel Board hearing before the undersigned Veterans Law Judge. A transcript of the hearing is of record. In April 2015, the Board remanded the matters for further development.

VA received evidence subsequent to the most recent January 2016 supplemental statement of the case, and the Veteran waived RO review of the new evidence in the same month. 38 C.F.R. § 20.1304 (2016).

The Veteran in May 2017 recently filed a substantive appeal (VA Form 9), thus perfecting his appeals for entitlement to an evaluation in excess of 10 percent for trochanteric pain syndrome to include trochanteric bursitis, limitation of extension, left hip; and entitlement to an evaluation in excess of 0 percent for trochanteric pain syndrome to include trochanteric bursitis, limitation of flexion, left hip. These issues have not yet been certified to the Board for appellate review. Certification is used for administrative purposes and does not serve to either confer or deprive the Board of jurisdiction over an issue. 38 C.F.R. § 19.35. However, certification ensures that certain due process rights are satisfied. Specifically, when an appeal is certified and the record transferred to the Board, the appellant and his or her representative, if any, will be notified in writing of the certification and transfer and of the time limit for requesting a change in representation, for requesting a personal hearing, and for submitting additional evidence. See 38 C.F.R. §§ 19.36, 20.1304(a). Accordingly, the Board will defer action on these issues to ensure all due process requirements are satisfied. See 38 C.F.R. § 3.103 (2016) (setting forth due process and appellate rights); Gray v. McDonald, 27 Vet. App. 313, 327 (2016) (due process protections apply to disability compensation proceedings before the Board) (citing Cushman v. Shinseki, 576 F.3d 1290 (Fed.Cir.2009)); see also Carter v. McDonald, 794 F.3d 1342, 1346 (Fed. Cir. 2015). As such, these issues will be the subject of a subsequent Board decision, if otherwise in order.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Board finds that additional development is necessary before the Veteran's claims of service connection for pseudofolliculitis barbae and a left knee disorder may be adjudicated. 

I. Left Knee Condition

During the 2014 Board hearing, the Veteran testified that he had left knee pain during active service in the Air National Guard that lasted for about a week after he had to climb ladders to get into and top of C-130 aircrafts. The Board previously remanded the claim for further development to obtain a new VA examination to determine the etiology of the Veteran's left knee condition. The Veteran's specific contentions were addressed in the remand in order for the VA examiner to adequately address the contentions in the rationale portion of the examination. The August 2015 examiner stated "there is no significant evidence to support a claim that there is a nexus between his present left knee findings and any incident/occurrence in the military." The examiner mentioned the Veteran's contention of an in-service incident in the examination, but did not address the issue in his rationale, rendering the examination regarding direct service connection inadequate. See Nieves-Rodriguez v. Peake, 22 Vet.App. 295, 304 (2008). 

Regarding secondary service connection, the examiner provided rationale to support his opinion that the left knee condition is not secondarily caused by the Veteran's right knee condition; however the examiner failed to specifically address whether the Veteran's service-connected right knee condition aggravated the Veteran's left knee condition as instructed in the Board remand. Thus, this VA examination is inadequate regarding secondary service connection, and an addendum opinion is required for adjudication. Stegall v. West, 11 Vet. App. 268 (1998).

II. Pseudofolliculitis Barbae

The Veteran has consistently reported that his currently diagnosed pseudofolliculitis barbae had onset during his service in the Navy from 1972 to 1975. During his Board hearing the Veteran testified that he did not shave during the 10 year period between active duty separation in 1975 and National Guard service in 1985. In an August 2015 statement, the Veteran contends he first shaved during basic training at 19 when he only had a light mustache, and he immediately noticed blood, bumps and soreness. He was able to keep a neatly trimmed beard after basic training, so therefore there is no record of his condition in his medical records. 

The August 2015 VA examiner provided a negative opinion without addressing the Veteran's lay contentions. The examiner's rationale for a negative nexus opinion relied solely upon medical evidence negative for pseudofolliculitis barbae. The Board finds that the August 2015 VA opinion is inadequate, as the examiner did not comment on the Veteran's reported in-service injury and instead relied on the absence of evidence in the Veteran's service medical records. See Dalton v. Nicholson, 21 Vet. App. 23 (2007) (an examination was inadequate where the examiner did not comment on a veteran's report of in-service injury and instead relied on the absence of evidence in a veteran's service medical records to provide a negative opinion). Thus, an addendum opinion is required for adjudication.
Accordingly, the case is REMANDED for the following action:

1. Obtain any outstanding VA treatment records and request treatment records from any private medical providers the Veteran identifies in relation to his skin and left knee conditions.

2. Forward the Veteran's claim file to the August 2015 examiner, and if that individual is unavailable, forward the Veteran's claim file to a different qualified medical professional in order to obtain a new VA dermatologic medical opinion.

The examiner must provide an opinion as to whether it is at least as likely as not (a 50 percent or greater probability) that the Veteran's pseudofolliculitis barbae manifested in or is otherwise related to any period of active duty or active duty for training, including any symptomatology therein.

A complete rationale for all opinions expressed should be provided. In doing so, the examiner should reconcile any contrary medical evidence of record. The examiner should identify and explain the relevance or significance, as appropriate, of any history, clinical findings, medical knowledge or literature, etc., relied upon in reaching his or her conclusions. The Veteran's own contentions (e.g., from his March 2014 hearing) must be considered as well. A discussion of the facts and medical principles involved would be of considerable assistance to the Board. 

3. Forward the Veteran's claim file to the August 2015 examiner, and if that individual is unavailable, forward the Veteran's claim file to a different qualified medical professional in order to obtain a new VA orthopedic medical opinion. 

The examiner must provide opinions as to: 1) whether it is at least as likely as not (a 50 percent or greater probability) that the Veteran's left knee condition was caused by his right knee condition; and 2) whether it is at least as likely as not (a 50 percent or greater probability) that the Veteran's left knee condition was aggravated by his right knee condition. 

The nexus opinion must specifically use the standard of "at least as likely as not." A complete rationale for all opinions expressed should be provided. In doing so, the examiner should reconcile any contrary medical evidence of record. The examiner should identify and explain the relevance or significance, as appropriate, of any history, clinical findings, medical knowledge or literature, etc., relied upon in reaching his or her conclusions. The Veteran's own contentions (e.g., injuring his left knee climbing ladders in service) must be considered as well. A discussion of the facts and medical principles involved would be of considerable assistance to the Board. 

4. After the requested actions are completed, the report should be reviewed to ensure complete compliance with the directives of this remand. If the report is deficient in any manner, it should be returned to the reviewing personnel.

5. After the development has been completed, readjudicate the claim for service connection. If the benefit sought remains denied, furnish the Veteran and his representative a supplemental statement of the case and return the case to the Board.

The Veteran has the right to submit additional evidence and arguments on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This appeal must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
A. C. MACKENZIE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).